UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENT KUBERT, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 05 C 5865 |
| AID ASSOCIATES, a New York corporation d/b/a Plaza Associates, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendant AID Associates for judgment on the pleadings in its favor on Count II of the complaint of Plaintiff Kent Kubert. For the reasons set forth below, the motion is granted.

## BACKGROUND

Kubert owed a consumer debt to Target National Bank. AID Associates ("AID") acted as debt collector on behalf of the bank. In the course of its collection efforts, AID sent a letter to Kubert that stated, in pertinent part, "[w]e have been authorized to offer you the opportunity to settle this account with a lump sup [sic] payment for 50% of the above balance due, which is equal to $479.09. This offer will be valid for a period of thirty-five (35) days from the date of this letter."

Kubert filed suit, alleging in the second count of the two-count complaint that the language quoted above was a false, deceptive, or misleading statement in violation of the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692e. AID now moves for judgment on the pleadings on this count.

## LEGAL STANDARD

A party may move for judgment on the pleadings once the pleadings are closed. Fed. R. Civ. P. 12(c). The appropriate standard for a judgment on the pleadings is "that applicable to summary judgment, except that the court may consider only the contents of the pleadings." Alexander v. City of Chicago, 994 F.2d 333, 336 (7th Cir. 1993). For this reason, judgment on the pleadings is warranted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Nat'l Fidelity Life Ins. Co. v. Karaganis, 811 F.2d 357, 358 (7th Cir. 1987). With these considerations in mind, we turn to AID's motion.

## DISCUSSION

The thrust of Kubert's theory is that the wording of the letter indicated that the offer to settle his debt for 50% of its value was good only for the 35 days mentioned in the letter, implying that he needed to act within that time or the offer would forever disappear. He contends that this was false because AID was in fact authorized to accept a settlement with those terms at a point after the 35 days had expired. According to Kubert, the letter was written as it was to deliberately mislead him into thinking that he

had to act quickly or permanently forego the opportunity to resolve his debt for half of the balance due.  In support of his claim of the misleading potential of the letter, he provides evidence that AID was authorized to accept the 50% deal at times outside the 35 days stated in the letter and copies of orders and opinions from the Northern District.  Notably absent is any affidavit or other evidence that Kubert or anyone else interpreted the language in accordance with the meaning advanced in the complaint.  Because we are considering a motion for judgment on the pleadings under Rule 12(c) rather than a motion to dismiss for failure to state a claim under Rule 12(b)(6), such evidence would be called for in a case such as this one.  See Walker v. Nat'l Recovery, Inc., 200 F.3d 500, 504 (7th Cir. 1999).

AID counters that the letter's language does not convey the impression that Kubert insists he took away from it.  According to AID, the letter is true on its face; AID was authorized to accept a settlement for 50% of the debt owed during the 35-day period specified.  Nowhere, says AID, does the letter state that it was a one-time-only offer or indicate that AID would not be authorized to offer the same terms outside of the 35 days.  AID argues that because there is no dispute about the words used in the letter and those words as written are literally true, they cannot form the basis for a cause of action under § 1692e, and AID is entitled to judgment as a matter of law on Count II.

Under Seventh Circuit law, a court initially examines a debt collection letter with an eye toward whether its language is clear on its face.  See Taylor v. Cavalry Inv., LLC,

365 F.3d 572, 574-75 (7th Cir. 2004). The court must consider the language of the letter from the standpoint of an unsophisticated consumer, or one who is "uninformed, naive, or trusting" but reasonable and not prone to interpreting written communication in an unrealistic or peculiar way. See Gammon v. GC Servs. Ltd. P'ship, 27 F.3d 1254, 1257 (7th Cir. 1994). If the language is clearly not confusing (viewed through the lens of the unsophisticated consumer standard), a court may conclude as a matter of law that the letter does not violate the FDCPA. See id. If, on the other hand, the language would clearly confuse an unsophisticated consumer, the consumer could be entitled to judgment as a matter of law. See, e.g., Chuway v. Nat'l Action Fin. Servs., Inc., 362 F.3d 944, 948 (7th Cir. 2004); Chauncey v. JDR Recovery Corp., 118 F.3d 516, 518-19 (7th Cir. 1997). If the letter falls in between these two extremes, evidence is called for. See Taylor, 365 F.3d at 575. Kubert's argument that we may only either take evidence or award judgment as a matter of law in favor of the consumer falls flat; nothing in the cases he cites forecloses the possibility that we could determine, as we do in this case, that the language employed is clear enough that an unsophisticated consumer could not reasonably misinterpret it.

Though the words "only," "for a limited time," "at this time," or others that clearly convey that the offer has an absolute life span are absent from the body of the letter, Kubert proceeds as though they appear. For example, Kubert claims that the letter was false and misleading because it "offer[ed] to settle his account for 50% of the then

balance, but then claimed that the offer was *only* valid for thirty-five (35) days." Pl.'s Resp., at 2 (emphasis added). He also states that the letter was misleading because "its [sic] was not true that the settlement offer was available *for a limited time*." Id. at 3 (emphasis added). A plain reading of the letter reveals no language like that found to be misleading in other cases. See, e.g., Goswami v. American Collections Enterprise, Inc., 377 F.3d 488, 495-96 (5th Cir. 2004) (informing consumer that "only during the next thirty days" would the creditor settle for 30% of the balance due); Jones v. Risk Mgmt. Alternatives, Inc., 2003 WL 21654365 at *1 (N.D. Ill. Jul. 11, 2003) (offering consumer "one time settlement" that would be "null and void" after stated date); Pleasant v. Risk Mgmt. Alternatives, Inc., 2003 WL 164227 at *1 (N.D. Ill. Jan. 23, 2003) (same); Jackson v. Nat'l Action Fin. Servs., Inc., No. 04 C 1805 (N.D. Ill. Nov. 10, 2004) (stating that a consumer must act before a "deadline"). The texts of the letters in the cases cited reasonably conveyed an impression that the offer described was limited when in fact it was not. If the language Kubert reads into AID's letter was actually found therein, these cases would provide the applicable analytical framework. However, the letter Kubert received contained no such wording, and the language it does include stands in stark contrast to that in Goswami, Jones, Pleasant, and Jackson.

The parties have offered two cases that stand both procedurally and factually in a similar position to Kubert's, but they reached exactly opposite results. In one, the court considered a defendant's motion for judgment on the pleadings that a letter stating, "At

this time our client is willing to settle your past due account for 40% of the full balance . . . [t]he settlement amount must be made in one payment and received by our office on or before [a specific date]" was false because the defendant could settle for the amount stated past the date specified. King v. Arrow Fin. Servs., LLC, 2003 WL 21780973, at *1 (E.D. Pa. Jul. 31, 2003). The court rejected the plaintiff's argument that the wording used could reasonably be interpreted as a limited-time offer. Id. at *3. Instead, the court concluded that the time frame was a term of the settlement offer and refused to read other language into the letter that did not appear on its face. Id. Considering nearly identical language, another court concluded that the combination of the phrase "at this time" and a specific date by which to submit payment suggested that the offer was good only for that time and would disappear thereafter. Gully v. Arrow Fin. Servs., LLC, 04 C 6849 (N.D. Ill. Jun. 8, 2005). The Gully court concluded that the result reached in that case was dictated by the Seventh Circuit's decision in Taylor. See id. at 11. Though we too are bound by Taylor, we disagree with the interpretation of the Gully court on the bounds of reasonableness for an unsophisticated consumer. Though unsophisticated consumers may not pick up on every linguistic nuance introduced by a skillful drafter, we must assume that they have enough of a command of the English language that they will not read words into a letter that do not appear on the page. See Pettit v. Retrieval Masters Creditor Bureau, Inc., 211 F.3d 1057, 1060 (7th Cir. 2000). Otherwise, there would be no reason to look to the content of the writing at all; the reader's perception of what

appeared would be all that mattered. The language AID employed cannot be reasonably interpreted to indicate that the offer extended would permanently expire after 35 days had elapsed. Consequently, the letter is not false or misleading under 15 U.S.C. § 1692e, and AID is entitled to judgment on the pleadings as to Count II.

## CONCLUSION

Based on the foregoing analysis, AID's motion for judgment on the pleadings with respect to Count II is granted.

Charles P. Kocoras
Chief Judge
United States District Court

Dated:     February 9, 2006